ALBANY,<br>August, 1811.

SATTERLEE<br>v.<br>SATTERLEE.

---

SATTERLEE, Administrator, *against* SATTERLEE.

N. WILLIAMS, for the defendant, moved to set aside the default entered in this cause, for want of a plea, and all subsequent proceedings, for irregularity.

The defendant had pleaded the *general issue* and *plene administravit,* a copy of which was, in due season, delivered to the plaintiff's attorney, but the pleas not being signed by counsel, the plaintiff's attorney treated them as a nullity, and entered a default for want of a plea.

*Double pleas must be signed by counsel. Plene administravit singly pleaded, need not be signed by counsel; but if joined with the general issue, the plea is double, and must be signed by counsel.*

*Huntington,* contra, said, that the plea being double, ought to have been signed by counsel, and cited *Dubois v. Philips.* (5 *Johns. Rep.* 235.)

ALBANY,
August, 1811.

In the matter of
the M'DOWLES.

*Williams* observed, that neither of the pleas required a counsel's hand, and cited *Tidd's Practice*, 622. 1 *Sellon*, 326.

*Per Curiam.* This case comes within that of *Dubois* v. *Philips*, (5 *Johns. Rep.* 233.) and the double plea of *non assumpsit* and *plene administravit*, was not good, without the signature of counsel. Had the last plea been singly pleaded, it need not have been signed by counsel; but double pleas must be so signed, according to the practice of the court of *K. B.*, which is the practice of this court in those cases in which a different practice has not been established. (1 *Tidd*, 621, 622. 2 *East*, 225.) We grant the motion to set aside the default, and to let the defendants in to plead, upon payment of costs.